# Farmers' Bank of Harrisburg, Plff. in Err., *v.* J. Rush Ritter, Assignee, etc.

In a limited partnership where the special partner is dead, the surviving general partners are the only proper persons to execute an assignment for the benefit of creditors.

(Argued January 27, 1888. Decided February 20, 1888.)

January Term, 1888, No. 130, E. D., before GORDON, Ch. J.; PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas No. 3 of Philadelphia County to review a judgment in favor of the plaintiff in a feigned issue on an interpleader. Affirmed.

This was a feigned issue between J. Rush Ritter, assignee of George W. Jacoby and John F. Jacoby, trading as G. W. Jacoby & Son, and the Farmers' Bank of Harrisburg, to determine the ownership of certain personal property.

The facts are as follows:

Prior to January 31, 1882, a certain limited partnership existed between George W. Jacoby and Victor A. Sartori, in accordance with the provisions of the act of March 21, 1836, in which the said Jacoby was the general and the said Sartori the special partner.

January 31, 1882, they agreed to continue and renew the limited partnership theretofore entered into between them (which expired on that day), for the art, trade, and business of the manufacture and sale of marble, under the firm name of George W. Jacoby & Son, for the further period of three years.

The agreement provided that "the amount contributed to the capital stock by the special partner, Victor A. Sartori, namely, $20,000, still remains intact, no part or portion thereof having been paid or withdrawn;" and further provided that "John Freedley Jacoby is this day admitted to an interest in the profits of said business, being one seventh thereof."

The said agreement of January 31, 1882, was signed by George W. Jacoby and John F. Jacoby as general partners, and Victor A. Sartori as special partner.

Victor A. Sartori died, intestate, August 30, 1883. Letters of administration were granted to his three sons, Victor A., John B., and Frank A. Sartori. August 7, 1884, George W. Jacoby and John F. Jacoby, individually, and as the firm of George W. Jacoby & Son, made a general assignment of all their individual and partnership assets to J. Rush Ritter, for the benefit of creditors. The deed of assignment was recorded. The assignee accepted the trust and immediately entered upon the performance of his duties and reduced the assets of the assignors into his possession. August 12, 1884, the administrators of Victor A. Sartori executed a paper approving the assignment. This paper was not acknowledged or recorded. April 7, 1885, the Farmers' Bank of Harrisburg, having obtained a judgment against Geo. W. Jacoby & Son, levied upon certain goods belonging to the firm in the hands of Ritter.

The defendant requested the court to charge:

1. That unless the special partner or his administrators are parties to the deed of assignment, or their consent is shown to have been obtained in writing at the time the deed of assignment was made, it—the deed of assignment—is invalid.

*Ans.* Refused. 3

2. That unless the consent was recorded it is invalid.

*Ans.* Refused. 4

Verdict and judgment for plaintiff in the feigned issue.

The assignments of error specified: (1) The action of the court in allowing the case to go to the jury; (2) in not charging the jury that the verdict must be for the defendant; and (3, 4) the refusal of the defendant's points as above.

*Hunn,* for plaintiff in error.—A third person, John Freedley Jacoby, entered the firm as a general partner January 31, 1882. This was a dissolution of the special partnership. Andrews v. Schott, 10 Pa. 47.

Inasmuch as there was a renewal and not a new cash payment by the former and continuing special partner, but the cash paid into the former special partnership remained with the new firm, the special partner, Victor A. Sartori, became a general partner of the new firm. Id.

Section 12 of the act of March 21, 1836, provides that "every alteration which shall be made in the names of the partners, in the nature of the business, or in the capital or shares thereof, or in any other matter specified in the original certificate, shall be deemed a dissolution of the partnership, and every such partnership which shall in any manner be carried on after any such alteration shall have been made, shall be deemed a general partnership, unless renewed as a special partnership, according to the provisions of the last section."

Where there is an alteration made in the names of the parties, the addition of another member, by the express words of the act, works a dissolution of the firm, with the consequences that in such case it is deemed a general partnership, unless the second partnership is renewed according to the directions of the act. The firm is no longer the same, for it would be preposterous to hold that a firm consisting of one general and one special partner was the same as a firm composed of three or more partners and one special partner. Id. See also Argall v. Smith, 3 Denio, 436.

All assignments so as aforesaid to be made and executed which shall not be recorded in the office for recording of deeds in the county in which such assignor resides, within thirty days after the execution thereof, shall be considered null and void as against any of the creditors of the said assignor. Act of March

24, 1818, § 5; 7 Sm. Laws, 132; Purdon's Digest, title, *Assignments*, II. pl. 7.

*Charles H. Kimerman* and *John A. Clark,* for defendant in error.—The general partners only are authorized to transact the business, and to sign for the partnership, and to bind the same. Act March 21, 1836, § 3; Purdon's Digest, title, *Limited Partnership,* pl. 3.

An assignment for the benefit of creditors, in all respects equitable and just to all parties, made by those who, by the terms of the actual arrangement between the members, are the active managing partners in the business, will be sustained. Such assignment is valid when made by the general partners only. Robinson v. McIntosh, 3 E. D. Smith, 221; Burrill, Assignments, p. 128.

In a general partnership, an assignment for the benefit of creditors, made by one of two copartners, has been upheld. Deckard v. Case, 5 Watts, 22, 30 Am. Dec. 287.

So also an assignment made by two of three copartners. Hennessy v. Western Bank, 6 Watts & S. 300, 40 Am. Dec. 560.

The validity of an assignment has never been questioned where the assent of the partner not joining in the deed has been obtained, nor in the case where a subsequent ratification can be inferred. Burrill, Assignm. p. 123.

An assignment by a surviving partner in all respects equitable and just, and made for the equal benefit of all creditors, is valid. Loeschigk v. Hatfield, 5 Robt. 26, 4 Abb. Pr. N. S. 210, Affirmed, 51 N. Y. 660; Burrill, Assignm. p. 127.

PER CURIAM:

The surviving members of the firm of George F. Jacoby & Son were the proper persons to execute the assignment, and the administrators of the alleged special partner had nothing to do with it. The matter was one for the partnership creditors and the surviving partners alone.

Judgment affirmed.